UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:24-cr-00017-DC-1 |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| RUBY CELLY URIBE, | (Doc. No. 43) |
| Defendant. | |

This matter came before the court on March 13, 2026, for a hearing on Defendant's motion to dismiss counts one and two of the indictment. (Doc. Nos. 43, 46.) Attorney Hootan Baigmohammadi appeared on behalf of Defendant and Assistant U.S. Attorney Adrian Kinsella appeared on behalf of the Government. At the hearing, the court denied Defendant's motion to dismiss count one of the indictment. (Doc. No. 46.) Still pending before the court is Defendant's motion to dismiss count two of the indictment. (*Id.*) For the reasons explained below, the court will deny Defendant's motion to dismiss count two of the indictment.

## BACKGROUND

On February 1, 2024, a grand jury returned an indictment charging Defendant with one count of unlawful possession of a machinegun, in violation of 18 U.S.C. § 922(o) (count one) and one count of possession of an unregistered short-barreled rifle, in violation of 26 U.S.C. § 5861(d) (count two). (Doc. No. 16 at 1–2.) As for count two, the indictment alleges that

1

Ruby Celly Uribe, [D]efendant herein, on or about December 13, 2022, in Sacramento County, State and Eastern District of California, did knowingly possess a firearm not registered to her in the National Firearms Registration and Transfer Record, specifically a non-serialized black and green rifle assigned FBI evidence number 1B1, with a barrel length of less than sixteen inches in length, meeting the definition of rifle and firearm under Title 26, United States Code Sections 5845(a)(3) and (c), all in violation of Title 26, United States Code, Section 5861(d).

(*Id.* at 2.) Section 5861(d) makes it unlawful for a person to knowingly possess a firearm that is not registered to that person in the National Firearms Registration and Transfer Record ("NFA"). *See* 8 U.S.C. § 5861(d). The NFA definition of "firearm" includes, as relevant here, "a rifle having a barrel or barrels of less than 16 inches in length." 26 U.S.C. § 5845(a)(3).

On August 29, 2025, Defendant and the Government appeared before the court for a status conference. (Doc. No. 41.) At that hearing, the court set a pretrial motion hearing for March 13, 2026, a trial confirmation hearing for April 17, 2026, and a jury trial for May 18, 2026. (*Id.*) On February 25, 2026, Defendant filed a motion to dismiss counts one and two of the indictment. (Doc. No. 43.) Defendant argues that the statutes Defendant is charged under violate the Second Amendment as applied to Defendant pursuant to the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n., Inc. v. Bruen*, 597 U.S. 1 (2022). (*Id.*) On March 6, 2026, the Government filed an opposition to that motion. (Doc. No. 45.) On March 13, 2026, the court held a hearing on Defendant's motion to dismiss. (Doc. No. 46.) At the hearing, the court denied Defendant's motion to dismiss count one and took the motion to dismiss count two under submission. (*Id.*)

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(1) allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "A Rule 12(b)(1) motion to dismiss is appropriately granted when it is based on questions of law rather than fact." *United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987) (citation omitted). When ruling on a pretrial motion to dismiss, a district court is bound by the four corners of the indictment. *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014) (citing *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)). It is well established that dismissal of an indictment is appropriate where "an indictment sought under a statute [] is unconstitutional on

2

its face or as applied . . . ." *United States v. Vlha*, 142 F.4th 1194, 1197 (9th Cir.), *cert. denied*, 146 S. Ct. 625 (2025) (quoting *United States v. Mayer*, 503 F.3d 740, 747 (9th Cir. 2007)).

**ANALYSIS**

Defendant brings an as-applied challenge to count two of the indictment, which charges Defendant with possession of an unregistered short-barreled rifle in violation of 26 U.S.C. § 5861(d). (Doc. No. 43 at 2.) Defendant contends that pursuant to *Bruen*, § 5861(d) violates the Second Amendment as applied to Defendant and therefore must be dismissed. (*Id.* at 5.)

The Second Amendment ensures that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. This right is among the "fundamental rights necessary to our system of ordered liberty." *United States v. Rahimi*, 602 U.S. 680, 690 (2024) (quoting *McDonald v. Chicago*, 560 U.S. 742, 778 (2010)). The right to "individual self-defense is 'the central component' of the Second Amendment Right." *McDonald*, 561 U.S. at 767 (quoting *D.C. v. Heller*, 554 U.S. 570, 599 (2008)). However, the Supreme Court has repeatedly recognized that "the right secured by the Second Amendment is not unlimited." *Heller*, 554 U.S. at 626.

The Supreme Court in *United States v. Miller*, 307 U.S. 174, 175–176 (1939) addressed a Second Amendment challenge brought by two defendants charged with transporting an unregistered short-barreled shotgun in violation of the NFA. The Supreme Court upheld the indictment and concluded that because of the dearth of evidence suggesting that possession or use of a short-barreled shotgun "has some reasonable relationship to the preservation or efficiency of a well regulated militia," it could not  "say that the Second Amendment guarantees the right to keep and bear such an instrument." *Miller*, 307 U.S. at 178. More recently, in *Heller*, the Supreme Court clarified that *Miller* stands for the proposition that the Second Amendment only extends to certain weapons, and "does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." *Heller*, 554 U.S. at 623–25. The Court further explained, in recognizing the constitutional validity of the *Miller* holding, that the limitation of Second Amendment protection to weapons "in common use at the time" is "fairly supported by the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'" *Id.* at 627 (citation omitted).

3

Defendant argues that *Miller* should have no bearing on this court's analysis because *Miller* "has been criticized on numerous grounds" and involves a short-barreled shotgun, rather than a short-barreled rifle—the firearm at issue here. (Doc. No. 43 at 11.) However, Defendant does not explain the distinction between a short-barreled rifle and short-barreled shotgun for the purposes of the Second Amendment analysis. Further, district courts have consistently found that weapons regulated under § 5861 fall outside the Second Amendment's scope because they are "unusual and dangerous." *United States v. Sredl*, No. 3:22-cr-00071-RLM-MGG, 2023 WL 3597715, at *3–4 (N.D. Ind. May 23, 2023) (denying defendant's motion to dismiss the indictment because "§ 5861 doesn't infringe on any Second Amendment-protected activity"), *aff'd,* No. 24-1087, 2025 WL 2015369 (7th Cir. Apr. 11, 2025); *see also United States v. Broadbent*, No. 2:19-cr-00155-DJC, 2023 WL 6796468, at *4 (E.D. Cal. Oct. 13, 2023) (concluding that firearms regulated by § 5861 are not protected by the Second Amendment because they are "dangerous and unusual weapons"); *United States v. Myers*, No. 3:22-cr-00067-ART-CSD-1, 2024 WL 2924081, at *3 (D. Nev. June 10, 2024) ("*Heller's* statement that the Second Amendment does not apply to short-barreled shotguns applies with equal force to short-barreled rifles."); *United States v. Rush*, No. 22-cr-40008-JPG, 2023 WL 403774, at *3 (S.D. Ill. Jan. 25, 2023) (finding no meaningful distinction between short-barreled rifles and short-barreled shotguns and concluding that the NFA's regulation of short-barreled rifles is constitutional under *Miller* and *Heller*), *aff'd,* 130 F.4th 633 (7th Cir. 2025). Multiple federal courts of appeals have also rejected constitutional challenges to § 5861 and have reaffirmed that *Miller* remains binding precedent absent overruling by the Supreme Court. *United States v. Rush*, 130 F.4th 633, 638 (7th Cir. 2025) (concluding that *Miller* forecloses a Second Amendment constitutional challenge to § 5861(d)), *cert. denied,* 223 L. Ed. 2d 424 (Dec. 15, 2025); *United States v. Saleem*, No. 23-4693, 2024 WL 5084523, at *1 (4th Cir. Dec. 12, 2024) (concluding that defendant's possession of a short-barreled shotgun is not protected by the Second Amendment); *United States v. Brooks*, No. 24-5334, 2025 WL 2939404, at *3 (6th Cir. Oct. 16, 2025) (concluding that based on *Miller* and *Heller*, "the government may, consistent with the Second Amendment's historical scope, punish individuals for not registering short-barreled shotguns"). The court agrees with the overwhelming

4

weight of judicial authority that firearms regulated under § 5861, including short-barreled rifles, are not protected by the Second Amendment because they are "not typically used by law-abiding citizens for lawful purposes." *Sredl*, 2023 WL 3597715, at *3 (quoting *Heller*, 554 U.S. at 592).

Though Defendant acknowledges the precedent set by *Miller* and *Heller*, Defendant argues that "a different type of weapon compels a new analysis" in accordance with *Bruen*. (Doc. No. 43 at 11.) Following *Heller*, the Supreme Court in *Bruen* established a two-part test for determining whether firearm regulations are "consistent with the Second Amendment's text and historical understanding." 597 U.S. at 26. The Supreme Court declared that courts should first determine whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 24 (citation omitted). If it does, then "the Constitution presumptively protects that conduct." *Id.* The government then bears the burden to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* If the government sufficiently justifies the regulation, only then may a court conclude the regulation is constitutional. *Id.*

The first step of the *Bruen* analysis involves answering the "threshold question" of "whether the [Second] Amendment presumptively protects the individual's conduct." *United States v. Perez-Garcia*, 96 F.4th 1166, 1178 (9th Cir. 2024) (citing *Bruen*, 597 U.S. at 24), *cert. denied,* 145 S. Ct. 2707 (2025). In answering this question, the court must determine (1) whether Defendant is among "the people" within the plain meaning of the Second Amendment; (2) whether the firearm at issue is in "common use today for self-defense;" and (3) whether the Second Amendment's plain text covers Defendant's "proposed course of conduct." *See United States v. Alaniz*, 69 F.4th 1124, 1128 (9th Cir. 2023) (citing *Bruen*, 597 U.S. at 32–33); *see also Perez-Garcia*, 96 F.4th at 1178 (citing *Bruen* 597 U.S. at 31–32).

Defendant first argues that as a law-abiding citizen with no criminal history, she is part of "the people." (Doc. No. 43 at 6.) In *Perez-Garcia*, the Ninth Circuit addressed an existing ambiguity in Supreme Court jurisprudence concerning whether the phrase "the people" applies to "all Americans" or only to "law-abiding, responsible citizens." 96 F.4th at 1178–79. There, the Ninth Circuit opined that it "would be, at minimum, inconsistent with the presumption of innocence" to exclude "those who have been charged but not yet convicted" of a crime from the

meaning of "the people." *Id.* at 1180. The Ninth Circuit observed that though "the Supreme Court has identified a longstanding tradition of prohibiting convicted felons from possessing guns, it has never suggested that felons are not among 'the people' within the plain meaning of the Second Amendment, nor has it said anything at all about the rights of misdemeanants or arrestees." *Id.* The Ninth Circuit then concluded that the defendant-appellants, neither of whom was a convicted felon, were among "the people." *Id.*

Here, Defendant avers—and the Government does not dispute—that she has no prior criminal history. (Doc. No. 43 at 6.) Though Defendant is charged with two felonies in this case, she has not been convicted of either charge. Accordingly, the court concludes that she is among "the people" within the plain meaning of the Second Amendment. *See Perez-Garcia*, 96 F.4th at 1180.

The court now turns to the disputed question of whether the short-barreled rifle, the firearm at issue here, is "in common use" for self-defense. *Bruen*, 597 U.S. at 32 (citing *Heller*, 554 U.S. at 580). Defendant primarily argues that short-barreled rifles are ideal for self-defense due to "their size and tactical maneuverability," and that there are more than "half a million" registered short-barreled rifles in the United States. (Doc. No. 43 at 8.)

While a short-barreled rifle may be "ideal for self-defense," that assertion does not establish that it is commonly used for that purpose. As for Defendant's second argument, Defendant cites to a publication issued by the Bureau of Alcohol, Tobacco, and Firearms indicating that in 2021, there were 532,725 registered short-barreled rifles in the United States. (Doc. No. 43 at 8.) However, as the Government points out, there were an estimated 393 million civilian held firearms in the United States as of 2018, meaning registered short-barreled rifles likely account for less than one percent of firearms nationwide. (Doc. No. 45 at 5.) Given this additional context, Defendant cannot reasonably argue that the sheer number of registered short-barreled rifles alone establishes that these weapons are in common use for self-defense. Indeed, other district courts have repeatedly rejected similar arguments. *See United States v. Miller*, No. 3:23-cr-0041-S, 2023 WL 6300581, at *2 (N.D. Tex. Sept. 27, 2023) (rejecting defendant's argument that because there are 532,725 registered short-barreled rifles in the United States,

6

short-barreled rifles are commonly used for self-defense); *Rush*, 2023 WL 403774, at *3 (declining to reach defendant's argument that short-barreled rifles are commonly used for defense, noting that "[t]his argument runs smack into *Heller's* finding that they are not"), *aff'd,* 130 F.4th 633 (7th Cir. 2025). Accordingly, the court concludes that Defendant has not established that short-barreled rifles are "in common use" for self-defense. *See Bruen*, 597 U.S. at 32 (citation omitted).

Therefore, the court finds that the plain text of the Second Amendment does not cover Defendant's conduct—possession of an unregistered short-barreled rifle. Because the court concludes that the Second Amendment's plain text does not cover Defendant's conduct, the court need not proceed to the second step of *Bruen* analysis. Accordingly, the court will deny Defendant's motion to dismiss count two of the indictment.

## CONCLUSION

For the reasons explained above,

1.    Defendant's motion to dismiss count two of the indictment (Doc. No. 43) is DENIED.

IT IS SO ORDERED.

Dated:    **April 6, 2026**    _____

Dena Coggins
United States District Judge